In re Mann. Andrew J. Miller, counsel for appellant Darren Ralph Mann. Joseph L. Oliva, counsel for appellee Intergulf JMR Park One. Thank you, Your Honor. Andrew Miller appearing for appellant Darren Mann. You want to reserve a little time for rebuttal? Yes, Your Honor. Five minutes, please. Okay, I'll try to let you know right when you're at five, okay? Thank you. Okay. The determination by the Bankruptcy Trial Court in this case when granting the summary judgment was that the default judgment entered in the state court had collateral estoppel effect and thus when the judge in the state court said that Mr. Mann committed fraud there was no need to further look into the state court's record even though there was no finding as to what damages were the result of fraud in the state court action. As the court knows in re. In determining the collateral estoppel effect of the state court judgment, federal courts must apply the state laws of collateral estoppel. The evidence presented in the state court did not meet the standards set by the Bankruptcy Code Section 523A2 because there was no evidence presented that the appellant made any misrepresentations that he knew were false. The evidence was that the appellant had received money from plaintiff and later did not pay the subcontractors but even that only accounted for $1,103,705 of the $2,249,000 of damages included in the state court default judgment. So counsel are you are you conceding then that based upon what the trial court in the state court ruled that the the bankruptcy court was at least entitled to give it raise to the cot effect with regard to the million dollars that was fraudulently obtained by misrepresentation? The money was received by the appellant as well as the other defendants in that case and not paid to the subcontractors. That's the only evidence presented in that case. There was no there was no evidence presented that at the time that they received the money from the from the subcontractors. Furthermore, in the judgment entered in the state court action it doesn't identify that this was part of the fraud that the non-payment to the to the subcontractors constituted fraud. It just says fraud and it identifies this this kickback scheme which I could talk to and know that there was really no damages involved in that kickback scheme. But didn't the state court make the finding that the plaintiff had established all of the elements of their claim and of course the well-fled facts of a complaint in a default scenario are deemed admitted as well in the in a default scenario too. So didn't the judge make findings that all of the elements had been satisfied for a claim of fraud? No I don't I don't believe so your honor. The judge had only made the finding that that these that that there was fraud but it did not make any findings that that the that what damages indicated from the fraud were well what the damages resulted from the fraud. There was obviously a negligence acts and they were there within the complaint and the complaint included these negligence acts that did not allege that they were fraud. I hear what you're saying in terms of there was the fraud aspect in the complaint which was a you know a 1.1 million and then there was the negligence aspect in the that was another million dollars or so and and what you ended up with was a fraud judgment and there was test but there was testimony at the trial from Mr. Buchanan that in his belief the negligence at the negligent actions leaving the drywall exposed, frenching issues, electricity issues were a part part of the fraud scheme in order to get more money out of Intergolf more sufficient to kind of reform the pleadings and make that part of the fraud or no? But yes it was that was that was the testimony at the approval hearing although that really doesn't constitute misrepresent misrepresentation under 523A2 your honor that could arguably be 523A6 but in fact the the bankruptcy court found that the entire judgment was non-dischargeable based upon 523A2 and dismissed the A6 allegation in that matter. So if in fact that this was a intentional act beyond misrepresentation that that couldn't apply to to the case here because the bankruptcy judge found that the whole matter was non-dischargeable under 523A2. And obviously the negligent acts could not be part of the 523A2 because they don't constitute misrepresentation even though they arguably I guess that there wasn't really any testimony at the approval hearing and there wasn't any finding I regardless of the fact that the complaint is under. Do you think he should have made the state court judge should have made specific findings of fact for each element in order for the state court judgment to have collateral estoppel effect? I do your honor. In Ray or excuse me Hernandez City of Pomona in that case the California Supreme Court held that when determining for collateral estoppel purposes whether an issue was actually litigated the courts look carefully at the entire record from the prior proceeding including the evidence the jury instructions it says in there and although this was a default hearing and the special jury findings and verdicts. Nowhere in the state court record can it be found that the judge held that the damages suffered by the plaintiff was a result of fraud. The state court in the state court findings that stated in the transcript which obviously you've seen of the default hearing was that was not that all the damages suffered by plaintiff were the result of fraud only that this kickback scheme was the result of fraud and then he says among others we don't even have any idea of what among others means but plaintiffs weren't damaged by this kickback scheme and the state the state court did not identify which damages were the result of fraud and I think they were required to do that by Hernandez versus City of Pomona and then it's the same as in the ruling following the the default prove-up judgment and that's in the experts excerpt of record on number 14 the state court does not identify which damages were caused by fraud the court does not say that all the damages were caused by fraud as stated in the bankruptcy superior court or excuse me in the bankruptcy trial court judgment of summary judgment excuse me and as well in the judgment by default and that's in the excerpt of records number 15 there was no indication that the damages were caused by fraud the judgment does not even indicate that fraud was involved in the judgment this is the bankruptcy trial court found that the entire judgment was non-dischargeable pursuant to section 523 to fraud but there was not a previous finding by the state court nor for that matter was there sufficient evidence of fraud for those issues again your honor even though there was a there was a alleged in the complaint of that that the non-payment of the subcontractors constituted fraud that was alleged in the complaint and in a roundabout way they were able to take a default on that complaint it doesn't the the evidence in what you to you have to look at because of Hernandez versus city upon Mona you look at the entire case to decide if in fact there were evidence of fraud for purposes of collateral estoppel effect and then just emphasizing the points in in Ray Harmon and in Ray Flom the the party asserting preclusion here's the bird has the burden of providing a record sufficient to reveal controlling facts and to pinpoint the exact issues litigated in the prior action the appellee has not been able to pinpoint the evidence presented in the state court which would show fraud as defined by section 523 a to know you're closing in on four minutes here if you want to reserve a little bit you can stop now you can keep going up you I would like to reserve your honor okay thank you good afternoon Joseph or we were for the appellee into Gulf JMR I think procedurally we need to look at the first issue here and that is the judge in the state court action had a ruling after the hearing and if you look at the appellate record a 647 he identifies that the entire judgment was predicated on fraud and he did not allocate any portion or any made any ruling that would suggest negligence or breach of contract was part of the judgment the a 647 exhibit page identifies fraud by clearing convincing evidence establishing the non-discharge ability under 527 a to a importantly the issues raised today is really questioning what the state court judge did or did not do correctly this is not an appeal before the state court rulings Mr. Mann the state court of appeal not the bankruptcy court the fact that we have a final determination made on the merits of the case by a full evidentiary hearing and where the judge has a two-page ruling after the argument and after the submission of evidence dictates that collateral stop applies and that full faith and credit be given to this particular judgment keep in mind also that at the lower court level the bankruptcy court was never dealing with any of these issues these issues have been waived there was no issue raised in the 423 action in opposition to the motion for summary judgment that in fact part of this ruling or part of this judgment was allocated to negligence or breach of contract notwithstanding the rulings after the hearing the default hearing which specifically stated that the ruling and the judgment was predicated exclusively and wholly on fraud lastly the bankruptcy courts have universally determined that the bankruptcy court is not the last chance forum permitting a judgment debtor to relitigate de novo issues decided in a prior litigation and that's very important here we're now going to have to rehash all the issues before the state court should there be a reversal in a remand and that is the whole purpose of collateral stop now the idea that no evidence was submitted on negligent on fraud with respect to then I'm going to call the negligence or the construction defects mr. Buchanan testified very specifically that it is unheard of in the industry and this is by the way the record 627 on the drywall installation no one it's common knowledge no one puts in drywall before a roof is installed to allow the elements not to permeate the building and cause damage so far you're talking about industry standard which sounds like negligence so how do you get over the fraud threshold great point and the and that answer to that question is in Buchanan's testimony your honor specifically mr. Buchanan stated that they took the work out of sequence to purposely accelerate the construction in order to generate more cash flow that was mr. Buchanan's testimony he also testified on 628 on the appellate record that with respect to the trench the trench was not only out of sequence which sounds like an industry standard but he went on to say not only was it out of sequence they did not tell the then refilled the trench and it took off was then built twice for a retrenching of the same trench that's fraudulent and again we're going on the merits of your case for self-assurance that fraud was inferred by this conduct and that's fine but again we're re-litigating the underlying action which is not permissible so counsel I'm sorry to interrupt but I was a little bit confused by your argument on waiver can you explain what again you're suggesting that in before the bankruptcy court some of these arguments were not presented with regard to the application of summary judge the preclusive effect of the prior state court ruling the argument presented by the appellant in the opposition to the motion for summary judgment was predicated exclusively on public policy arguments the idea of abandonment of counsel which is something that was not addressed here at the appeal but this issue of whether some portion of this judgment was based on negligence or a breach of contract was never part of the opposition summary judgment that was raised for the first time on this appeal that's okay and has been waived but importantly because I want everybody to be assured that this judge the state court judge didn't just go on a lark to identify fraud here he identified the double billing by through Mr. Buchanan by the inference that that was fraudulent and by the fact that no building is built the way it was and it was a motivation behind it to have the cash flow accelerated to the general contractor Mr. Mann also importantly in terms of the fraud look at Mr. Buchanan's testimony on 628 and the double bids that were identified by Rock Electric and his testimony which is part of the record he the Rock Electric witness testified not only against his civil interest but he identified the criminality that he was involved in those interests of a criminality and those admissions are very compelling testimony that was part of the state record as well as the federal record with respect to the collateral estoppel issue the Rock Electric testimony was in part that they used the higher bid this is on page 628 of Buchanan's testimony they used a higher bid that was then given in the application for payment by Intergolf so it's not just a scheme that was to defraud Intergolf there was actually payments made by Intergolf to the electrical contractor well he's earmarked for the electrical contract that was absconded by Mr. Mann. Mr. Mann in effect defrauded Rock Electric twice once with the not repaying the loans that Rock Electric provided and he told him and this is the testimony from Connolly of Rock Electric that in fact to get paid he had to resubmit a bid on the absolute same work scope of work same materials and just artificially increase the price so that he could get paid on the loan that was defaulted by Mr. Mann in doing so the applications for payment reflected those bids and that is a testimony of Mr. Buchanan that shows a fraudulent billing that was paid on with respect to this scheme with Rock Electric that is compelling clear convincing evidence in fact it's undeniable because the request for admissions that were never responded to go to these issues the request for litigate was provided to Mr. Mann and he chose not to answer these questions under oath because he did not obviously want to commit perjury and deny those issues. So just to clarify your position is that although the complaint had various breach of contract fraud negligence by the time you got to judgment after there was a prove-up hearing the court concluded and wrote in its judgment that all the damages were solely related to fraud and didn't assign any value to breach of contract negligence or any other theory than fraud. Yes your honor and that is in the rulings following the default prove-up hearing 644 to 647 particularly 647 and understand that the election of remedies was chosen by the court based on the evidence and the documentation and the request for admissions that were not made not just to Rock Electric's testimony but Mr. Buchanan's 25 years of experience knowing how these applications for progress payments are to be provided and why and how they're to be paid. The misconduct here is a broad scheme and the fraud was in the billing process itself your honor. I'll reserve my time for rebuttal. Well you really you don't have any. Okay let me go forward then yes I guess procedurally these issues were never raised to the lower court I believe they've been waived. Number two the judgment it does identify the two million two hundred forty seven thousand but the rulings after the verdict identifies the predicate for the judgment in its entirety. The judge could have allocated by a special finding of negligence and breach of contract but instead he made a special finding of fact of fraud based on this scheme and it's important to note that the testimony of Mr. Buchanan allowed the judge the state court judge to go either with negligence or breach of contract or choose fraud because the Buchanan testimony combined with the testimony of Brock Electric allowed for a fraudulent scheme to be used and adopted by the court in lieu of a breach of contract or negligence claim your honor. And I am troubled frankly by the fact that this final determination which was over two years of litigation is suggesting that the state court judge did not rule appropriately and to this day we don't know why a filing or notice of appeal in of trying to now relitigate this issue in the bankruptcy court. I have nothing further thank you so much. Thank you very much. Okay Mr. Miller you've got a little over four minutes. Yeah I guess the first point is with regards to the waiver your honors are able to hear this case de novo and that. That just means that we don't worry about what the lower court did. It doesn't mean that we get to hear arguments that court never heard. Right? That's two different things. Well yeah all the evidence was presented. I mean it's not like that we were presenting documents that weren't presented to the the lower court in this case. You were all the documents that were presented and all the all the evidence that was heard by the by Judge Latham is here before the court and this court can interpret those evidence that was presented any way they would like at the time of de novo regardless of what the attorney may or might not have argued at that time but the evidence is in and the court can hear different can interpret the different evidence in any way that the court wants and that's really what constitutes de novo. I don't think there was any ever any waiver in the lower court on that matter and you know with with regards to what the judge ruled and I'm certainly not saying that the judge in the state court had ruled wrongly. All they did they granted a judgment for plaintiff which was appropriate in the default judgment but they didn't the judge did not break down did not say that because of the fraud nowhere you're going to find that in the state court record. As a matter of fact he said this would be non-dischargeable in bankruptcy because it's fraudulent. Right? That's pretty rare. He said exactly that. I mean how do you read the record right? He did say exactly that. Okay. But in a sense he does not say what damage. And then it's interesting that I'm assuming that this is what plaintiff did the the judgment by default that the that the plaintiff issued for the judge to sign which the judge signed which is our EOR number 15 it says it doesn't indicate anything about fraud. This is what was presented by the plaintiff themselves I'm assuming and it just says that there is a this judgment with cost and prejudgment interest and the reimbursement to a drywaller and it does not in any way say that there was fraud involved. So you never have it and I go back to In re Harmon and In re Flums where you have to pinpoint exactly where the damages were or pinpoint exactly where the ruling was with regards to collateral estoppel and there really is no pinpoint. It's all a little airy in that sense your honor. I do wait the rest of my time. Thank you. Okay. Thank you very much. Thank you. The matter will be submitted and thank you both for your very good arguments. Thank you. Okay call the next matter please.
judges: Lafferty, Brand, Gan